JACK CULLUM v. THE STATE.

No. 14413. Delivered March 16, 1932.

The opinion states the case.

*Moore & Wilson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is rape upon a female under the age of fifteen years; penalty assessed at confinement in the penitentiary for five years.

The state's testimony is summarized as follows: Leola Smith, a girl claiming to be 12 years of age, Jack Cullum, a man 36 years, Billie Burke and Bradley Voyles, went at night time in an automobile from McGee's garage to a place in the city of Amarillo. All the parties got out of the automobile, taking a blanket which was spread upon the ground and upon which the parties sat. After a short interval, the appellant got a cushion out of the car, and he and the girl went to a place about forty or fifty feet distant from where Billie Burke and Bradley Voyles were sitting on the blanket. It was a dark night, and according to Leola Smith, she could not see Billie Burke and Bradley Voyles distinctly. While there, Leola Smith and the appellant engaged in sexual intercourse with her full consent. The prosecutrix told the appellant that she was 16 years of age. The occasion was her first meeting with the appellant. She had known Billie Burke but four or five days. She sat in the appellant's lap as they rode in the automobile. He hugged, kissed and fondled her as they were riding in the car. She testified that she weighed 107 pounds.

Billie Burke testified that she was 22 years old; that she telephoned Jack Cullum and met him at his room; that from there they all went to McGee's garage, accompanied by Leola Smith. They rode out to a place on the Smelter Road. Upon reaching a certain point, they stopped the car and got out. All four of them sat down on a blanket. Later, Leola Smith and the appellant took a cushion out of the car and went some forty, fifty or sixty feet away, and the witness did not know what happened.

In his argument to the jury, counsel for the state said that if the prosecutrix had made a statement contradictory of her testimony upon the witness stand, the accused had a right to prove the contradictory statement and doubtless would have done so. A special charge withdrawing the remark was properly refused.

Another remark attributed to counsel for the state was the following: "When any little twelve-year old girl comes and tells me that such an act as charged in this case has been committed on her, the only way it is ever going to get out of court is through the verdict of twelve men like you." Complaint of the refusal to instruct the jury to disregard the remark is the subject of a bill of exception.

There is also attributed to counsel for the state the following remark: "Here, this girl, so far as I know, has never had intercourse with any person prior to this time. A thirty-six year old man has deprived her of that she values most." The refusal of a special instruction telling the jury to disregard the remarks as wholly without the record was presented. The bill of exception presented was based upon the alleged action of the court and counsel.

We find ourselves unable to conclude that there was error disclosed by the bills mentioned. We have been supplied with no brief upon the subject and are aware of no precedent or principle which would authorize a reversal of the judgment because of the remarks mentioned. While there is some self-contradiction upon the part of the prosecuting witness and other circumstances developed upon which the jury might have rendered a verdict in favor of the accused, it cannot be denied that the testimony of the prosecutrix, if true, is sufficient to support the verdict; nor is the fact that her testimony presented an issue for solution by the jury open to question.

On the record before us, we are constrained to conclude that it is the duty of this court to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*